## FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ALAN RICHARD KLEIN, an
individual; SHERYLL KLEIN, an
individual,
         *Plaintiffs-Appellants,*

v.

UNITED STATES OF AMERICA; DAVID
ANDERBERG, an individual,
         *Defendants-Appellees.*

No. 06-55510

D.C. No.
CV-05-05526-PA
Central District of
California,
Los Angeles

ORDER

Filed December 9, 2010

Before: John T. Noonan, William A. Fletcher, and
Ronald M. Gould, Circuit Judges.

---

## ORDER

By order of July 30, 2008, we certified a question to the
California Supreme Court concerning the scope of immunity
from suit provided by California Civil Code § 846, Califor-
nia's recreational land use statute, namely whether that statute
immunizes a landowner from liability for acts of vehicular
negligence committed by the landowner's employee in the
course and scope of his employment that caused personal
injury to a recreational user of that land. By opinion dated
July 26, 2010, the California Supreme Court answered our
question, concluding that the liability shield of § 846 "does
not extend to acts of vehicular negligence by a landowner or
by the landowner's employee while acting within the course
of the employment." *Klein v. United States*, 235 P.3d 42, 44
(Cal. 2010).

We issued a supplemental order to the parties, indicating our intention to remand and asking them whether our panel should address other issues presented on appeal at this time. In response, we received a Joint Motion to Remand to the District Court. Although the parties' joint motion asks us to specify the issues that the district court should address, we conclude it is more appropriate simply to remand to the district court for further proceedings consistent with the decision of the California Supreme Court in *Klein*, 235 P.3d at 42. We understand that the parties do not now ask us to decide any issue before remand.

Accordingly, the parties' Joint Motion to Remand to the District Court is GRANTED IN PART and DENIED IN PART. We remand to the district court for further proceedings consistent with the decision of the California Supreme Court in *Klein*. Beyond that requirement of consistency with *Klein*, we do not otherwise restrict the issues before the district court.